United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00093 |
| | § | |
| CHAD WILSON LAW FIRM, PLLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to me for all pretrial purposes. *See* Dkt. 9. I am sua sponte issuing this memorandum and recommendation to suggest that the court order the conditional dismissal of this lawsuit without prejudice unless Plaintiff Andrew Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

On March 15, 2026, Mitchell, an incarcerated person proceeding pro se, instituted this lawsuit against Defendant Chad Wilson Law Firm, PLLC. *See* Dkt. 1. Mitchell was a licensed public adjuster. Mitchell provided his public adjusting services through Mitchell Adjusting International LLC ("MAI"), a Texas limited liability company. At all times, Mitchell has been the sole member of MAI. Mitchell claims that Defendant diverted MAI's earned public adjusting fees to a third-party factoring company after MAI revoked authorization for such diversion, short-paid certain invoices, and withheld fees following Mitchell's incarceration. *See* Dkt. 1 at 1. Mitchell asserts claims for RICO, RICO conspiracy, breach of fiduciary duty, breach of oral/implied-in-fact contract, account stated, conversion, unjust enrichment/money had and received, tortious interference, declaratory judgment, and accounting and constructive trust. Mitchell purports to bring this lawsuit "doing business as Mitchell Adjusting International LLC." *Id*. Mitchell cannot do this.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The right to conduct one's own cases personally is limited to one's own interests. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). This rule applies to all "[a]rtificial business entities—such as limited liability companies, corporations, and partnerships." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021). The claims in this case belong to MAI, not Mitchell. Mitchell cannot prosecute MAI's claims himself. *See, e.g.*, *Robinson v. Ashland Inc.*, No. 1:24-CV-97, 2024 WL 5158429, at *8 (E.D. Tex. Dec. 18, 2024) (collecting cases and holding that "Plaintiffs, even as sole owners of their LLC, lack standing to assert claims individually where the cause of action belongs to the company.").

"A district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (cleaned up). Fairness "requires both notice of the court's intention and an opportunity to respond." *Id.* (quotation omitted). Here, Mitchell has both the opportunity to object to this memorandum and recommendation and, in the event it is adopted, 30 days to appear through counsel before this action is dismissed without prejudice. That is fair.

## CONCLUSION

For the reasons discussed above, I recommend that the court order the conditional dismissal of this lawsuit without prejudice unless Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___ day of April 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE