United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-cv-00093 |
| | § | |
| CHAD WILSON LAW FIRM, PLLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On March 25, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 9. Judge Edison filed a memorandum and recommendation sua sponte on April 30, 2026, recommending that the court order the conditional dismissal of this lawsuit without prejudice unless the plaintiff appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 14.

On May 9, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 15. The plaintiff simultaneously filed a motion for appointment of counsel and a motion to stay, requesting the same relief requested in his objections. Dkts. 16, 17. Because these motions request the same relief requested in the plaintiff's objections, the court will address these two motions alongside the plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff first objects that "the 'corporation cannot proceed pro se' framework" is reversible error. Dkt. 15 at 6. This objection is overruled. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). It is this centuries-old, binding precedent that underpins Judge Edison's memorandum and recommendation. Binding Fifth Circuit authority is not required for this court to follow the uniform rule adopted by every federal court to confront the issue and hold that where "the lay individual chose to accept the advantages of incorporation," he "must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quotation omitted). It is irrelevant *why* the plaintiff wishes to represent his corporate entity—every non-lawyer who seeks to represent a business entity in litigation believes he has a

compelling reason for doing so. The fact remains that limited liability entities may appear in federal court only through licensed counsel, and assignments may not be used to defeat that rule.

The plaintiff next objects that he has standing as the real party in interest under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008), the Mandatory Victims Restitution Act, and his direct individual injury as the licensed professional whose labor underpins the claims at issue. This objection is overruled. To start, *Sprint* did not address whether a non-lawyer may proceed pro se on behalf of a limited liability entity and has no bearing here.

Nor does the Mandatory Victims Restitution Act have any bearing on whether the plaintiff may represent his limited liability entity. The plaintiff, an incarcerated felon, refers to himself as "the federally-directed restitution-recovery vehicle." Dkt. 15 at 6. The court is unfamiliar with this term, which does not appear in any case law or the Mandatory Victims Restitution Act. The plaintiff argues that because he allegedly "holds legal title to [his LLC's] receivable under a federally-disclosed transfer that pre-existed this litigation and was made for federal restitution-coordination purposes," he has standing. *Id.* The plaintiff "points to no authority for his proposition that when [a federal district court in an unrelated criminal action] determines an LLC is an individual [criminal defendant's asset] for [restitution] purposes, the LLC should be disregarded for all purposes, including when determining whether an LLC's sole member has standing to assert a RICO claim alleging harm to the LLC or when applying federal law requiring

3

business entities to appear in court only through licensed counsel." *Lunnon v. United States*, No. 21-2140, 2022 WL 17729999, at \*6 (10th Cir. Dec. 16, 2022).

As for the plaintiff's contention that he has claims against the defendants in his individual capacity—namely, as "the licensed individual public adjuster whose personal labor generated the compensation Defendants [allegedly] withheld"—that contention is undercut by the plaintiff's own pleadings. Dkt. 15 at 6. The only contracts that the plaintiff attaches to his complaint show that Mitchell Adjusting International, LLC was the contracting party, not the plaintiff individually. *See* Dkt. 1-1 at 16–18, 23–24. Nevertheless, if the plaintiff believes that he has claims to assert solely as an individual and not as the sole member of his LLC or as an assignee of its claims, the court will permit him to amend his complaint to assert such claims.

In his third objection, the plaintiff argues that "[f]ederal RICO standing is a creature of federal law and is not subject to state-law assignment doctrine or contract-form analysis" because "RICO standing turns on the causal chain between the predicate acts and the injury, not on the form of the underlying contractual relationship." Dkt. 15 at 7. In support, the plaintiff cites the Supreme Court's decision in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008). *Bridge*, like *Sprint*, is inapplicable here because it says nothing about whether a non-attorney can represent an LLC's interests, or whether the sole member of an LLC has RICO standing based on injuries derived from harm to his LLC. The relevant authority is *National Enterprises, Inc. v. Mellon Financial Services Corp. No. 7*,

4

847 F.2d 251 (5th Cir. 1988), in which the Fifth Circuit rejected the notion of derivative RICO standing. Here, as in *National Enterprises*, "the only sound perspective is to view [the plaintiff]'s injury of non-payment as flowing from the legitimate contractual relationship [his LLC] had [with the insureds]." *Id.* at 254; *see also Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 596 (6th Cir. 2022) (observing that "derivative losses are not direct injuries for RICO purposes"); *Lunnon*, 2022 WL 17729999, at *7 (upholding "district court's determination that [the plaintiff's LLC] was the proper plaintiff on the RICO claim . . . and that [the plaintiff], who is not a licensed attorney, could not represent [his LLC] on the RICO claim").

In his fourth objection, the plaintiff argues that Judge Edison wrongly recommended dismissal without first affording the plaintiff an opportunity to cure under Rule 17(a) and *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001). This objection is overruled. Unlike here, the court in *Wieburg* dismissed the action outright. Judge Edison recommended *conditional* dismissal if the plaintiff does not appear through licensed counsel within 30 days. If the plaintiff *does* appear through licensed counsel, the action will *not* be dismissed. If the plaintiff does *not* appear through licensed counsel, the action *will* be dismissed, but *only* once the 30 days have passed. Conditional dismissals are a standard means for dealing with the substitution of the real party in interest. *See, e.g., Wright v. Sears Roebuck & Co.*, No. CIV.A. 09-1498, 2010 WL 6032803, at *5 (W.D. La. Oct. 19, 2010) (holding that the remedy under Rule 17 is conditional dismissal unless the

5

real party in interest joins the litigation), *report and recommendation adopted*, No. CIV.A. 09-1498, 2011 WL 867252 (W.D. La. Mar. 10, 2011).

In his fifth and final objection, the plaintiff argues that Judge Edison should have considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. The United States Supreme Court held more than 30 years ago that § 1915 extends only to natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to appoint counsel to a corporate plaintiff—or to a non-lawyer attempting to assert a corporate plaintiff's claims—under § 1915. While the Fifth Circuit has recognized a district court's "inherent power to appoint counsel for an insolvent corporate criminal defendant," this court is unaware of any authority that would support appointing counsel for a corporate *plaintiff* in *civil* litigation. *Naranjo*, 809 F.3d at 802. Assuming the court has such inherent power, the court declines to use it. If the value of this litigation is as great as the plaintiff believes, he should have no difficulty securing counsel on a contingency basis.

It is therefore ordered that:

(1)    Judge Edison's memorandum and recommendation (Dkt. 14) is approved and adopted in its entirety as the holding of the court;

(2)    The plaintiff has 30 days from the date of this order to file an amended complaint asserting claims solely in his individual capacity and not as an assignee or sole member of his LLC;

(3)    The plaintiff's motion for appointment of counsel (Dkt. 16) is denied;

(4)    This case is conditionally dismissed unless, within 30 days from the entry of this order, the plaintiff appears through licensed counsel to

pursue the LLC's claims or files an amended complaint asserting only individual claims against the defendants and not as his LLC's sole member or as an assignee of his LLC's claims; and

(5)    The plaintiff's motion to stay (Dkt. 17) is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 20th day of May 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

7